IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEANNINE L. COSBY, | § | |
| aka JEANNIE L. COSBY,[1] | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-296-O |
| | § | |
| BUREAU OF PRISONS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Jeannine L. Cosby, aka Jeannie L. Cosby, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against the Bureau of Prisons, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as abusive.

## I.  BACKGROUND

On June 13, 2007, pursuant to a plea agreement, Petitioner pleaded guilty to one count of conspiracy to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), in the United States District Court for the Western District of North Carolina. J.,United States v. Cosby, Criminal Docket for Case No. 1:07-CR-033-MR-3, ECF Nos. 103, 105. On October 31, 2007, Petitioner was sentenced as a career offender to a term of 168 months' imprisonment. *Id.,* ECF No. 185. Since January 2008 Petitioner has filed multiple motions challenging her sentence in the convicting court, including numerous § 2255 motions to vacate, set aside or correct her sentence

---

[1]Petitioner was convicted and is incarcerated under the name of Jeannie Largent Cosby.

and § 3582 motions to reduce her sentence, all of which were denied save for her latest § 2255 motion which remains pending at this time. Mots., *United States v. Cosby*, Criminal Action No. 1:07-CR-033-MR-3, ECF Nos. 209, 212, 264, 271, 342, 343, 347, 364, 366, 384, 395, 402, 442, 469, 496, 501, 517, 557 & 571. Petitioner has also filed a prior habeas petition under 28 U.S.C. § 2241 in this Court challenging her 168-month sentence. Pet., *Cosby v. Keffer*, Civil Action No. 4:12-CV-110-Y, ECF No. 1 (Petitioner failed to invoke the savings clause of § 2255 and petition dismissed for lack of jurisdiction).

## II.  ISSUES

Petitioner raises the following issues, verbatim:

GROUND ONE: Residential Drug Abuse Program (RDAP)
Supporting Facts: Completion of 40 hr. Nonresidential Treatment Course.

GROUND TWO: United States Sentencing Guidelines (U.S.S.G.)
Supporting Facts: The Amendments to the United States Sentencing Guidelines effective November 1, 2015 are a disparity in the Sentencing. Also the amendments to the drug quantity and drug equivalency table [modify the base offense level, therefore changing the total offense level].[2]

GROUND THREE: Safety Valve
Supporting Facts: Defendant cooperated with the government. A plea agreement was signed and agreed upon. Ms. Cosby also testified against one or more of her co-defendants.

GROUND FOUR: Fair Sentencing Act 2010/Life Mandatory Minimum Terms for Drugs
Supporting Facts: This has been made retroactive allowing for defendant to have a modification in her term of imprisonment.

Pet. 5-6, ECF No. 1.

---

[2]The original petition omits the inserted language, which is taken from Petitioner's most recent § 2255 motion raising the same claim in the convicting court. Mot. 6, United States v. Cosby, Criminal Docket for Case No. 1:07-CR-033-MR-3, ECF No. 571.

## III.  DISCUSSION

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas corpus petition prior to any answer or other pleading by the government.[3] Therefore, no service has issued upon Respondent.

Petitioner's grounds for relief are vague and ambiguous. Nevertheless, to the extent she seeks early release to a RDAP, a federal prisoner does not have a constitutionally protected right to early release or to participate in a RDAP. *Lopez v. Davis,* 531 U.S. 230, 241 (2001).

To the extent Petitioner's seeks a reduction of her 168-month sentence, the petition is an abuse of the writ. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future actions without leave of court and monetary sanctions.

Petitioner has filed a plethora of § 2255 and § 3582 motions in the convicting court, raising one or more of the claims presented here, all to no avail. A § 2241 habeas petition is not a substitute for such motions. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). Further, Petitioner was

---

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

previously advised by this Court that a § 2255 motion, and not a § 2241 habeas petition, is the primary means under which a federal prisoner may collaterally attack the legality of her sentence, unless she can satisfy the so-called "savings clause" under § 2255(e). Petitioner makes no attempt to do so. Petitioner is warned that sanctions will be imposed if she files another writ seeking habeas relief under § 2241 from her 168-month sentence, unless she establishes that she is entitled to do so under § 2255(e)'s savings clause.

## IV.  CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as an abuse of the writ. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of April, 2016.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**